**UNITED STATES DISTRICT COURT**
**IN THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Michael J. Wright and Karen Wright, ) | |
| ) | C/A No.: 0:10-cv-0561-CMC |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | **ON MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| Juan Prieto and 24-7 Express, Inc., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on motion for summary judgment filed by Defendants Juan Prieto ("Prieto") and 24-7 Express, Inc. ("24-7 Express"). Dkt. No. 24. Defendants seek summary judgment asserting that there is no genuine issue of fact as to whether Defendants caused the injuries and damages claimed by Plaintiffs Michael J. Wright ("Wright") and Karen Wright. *Id.* For the reasons set forth below, the court denies Defendants' motion for summary judgment. This matter will, therefore, proceed to mediation and trial.

**STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine

---

[1] On December 1, 2010, Rule 56 was amended. The standard for deciding summary judgment remains the same.

dispute, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The essence of the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

When the non-moving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate a lack of genuine dispute as to a material fact. Fed. R. Civ. P. 56(c). In response to the motion, the nonmoving party must then either cite to particular parts of materials in the record or show that the materials cited "do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1)(B); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine [dispute] through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995). The summary judgment inquiry "scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of [her] claim at trial."[2] *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

**FACTS**

Plaintiffs initiated this action by filing a complaint in state court. Dkt. No. 1-1. Defendants

---

[2] In their response to Defendants' motion for summary judgment, Plaintiffs incorrectly relied on the South Carolina state law standard for summary judgment. Dkt. No. 26 at 8. The court applies the correct federal law standard in this order.

timely removed the action to this court based on the assertion of diversity jurisdiction, 28 U.S.C. § 1332. Dkt. No. 1. The complaint asserts claims for negligence and loss of consortium against Defendants, which arise out of a motor vehicle accident on February 4, 2007. The facts of this matter are heavily disputed, but those relevant to the resolution of this motion are set forth below in the light most favorable to Plaintiffs as the non-moving party.

**2007 Vehicle Accident.** February 4, 2007, Wright was a passenger in a tractor trailer being driven by his stepfather, Ralph Burnette, Jr. ("Burnette").[3] Dkt. No. 24-2 at 3. Wright and Burnette were hauling a "lowboy" trailer loaded with two farm tractors Wright had recently purchased in South Carolina. *Id.* at 4. Wright and Burnette stopped at a gas station along I-77 near Ridgeway, South Carolina, because they were low on fuel. Dkt. No. 24-3 at 3. Burnette pulled up to a fuel pump, began pumping fuel, and got back into the driver's seat to fill out his log book. *Id.* Wright remained inside the truck and was standing to put on a jacket. Dkt. No. 24-2 at 5.

Shortly thereafter, Defendant Prieto, who was driving a freightliner diesel truck owned by his employer, Defendant 24-7 Express, pulled into the fuel station where Wright and Burnette were parked. Dkt. No. 24-4 at 6-7. As Prieto pulled up along the passenger side of Wright's vehicle, Prieto "cut it too close" and the rear wheels of Prieto's vehicle hit the back corner of Wright's trailer. Dkt. No. 26-2 at 3-4. Wright, who could not see the collision from inside the truck, heard a loud noise and thought a piece of farm equipment on his trailer had exploded. Dkt. No. 24-3 at 4. Wright was aware that they were pumping at least twenty to forty gallons of diesel fuel per

---

[3] Burnette and Wright did not own the trailer they were hauling the day the incident took place; Wright had borrowed it from Strickland Grading Company. Dkt. No. 24-2 at 4. For purposes of this motion, the court refers to the trailer as Wright and Burnette's although they were not the owners.

minute into the truck at the time and feared that if that fuel caught on fire "it would [be] a disaster." *Id.* at 7. At that time, Wright saw a man outside waving his arms and motioning to the back of his truck, so Wright hurried to exit the vehicle. *Id.* at 4. As Wright rushed to get out of the truck, he grabbed the hand rail with his left hand, lost his footing, and slipped off the steps catching the full weight of his body with his left arm and shoulder. *Id.* at 7-10. He also scraped his right leg on the truck's steps. *Id.*

Wright and Burnette inspected their trailer and found that the loud noise Wright had heard was caused by tires bursting when Prieto struck their trailer, not an explosion. Dkt. No. 24-3 at 9-10. Wright noticed that the accident had caused damage to his trailer, and Wright and Burnette called highway patrol. Dkt. Nos. 24-3 at 5-6, 24-2 at 9. A patrolman came to the scene and prepared an accident report. Dkt. No. 24-2 at 10.

Wright declined medical treatment right after the accident but began to feel pain in his neck and left shoulder later that day. *Id.* at 11. He sought medical treatment from his family doctor and was seen at Rutherford Orthopedic for his shoulder injury and by Dr. James Hoski ("Hoski") for his neck injury. Dkt. No. 24-3 at 13, 20-21. Wright was found to have stretch injuries to nerves in his left shoulder as well as herniated discs at C4-5 and C5-6 causally related to his fall from the truck. Dkt. Nos. 24-3 at 9, 26-3 at 3. Due to his shoulder injury, Wright's left arm would occasionally go numb when placed in certain positions. Dkt. No. 24-3 at 18.

**2008 Farm Accident.** In 2008, approximately seventeen months after the collision with Prieto's vehicle, Wright suffered a fall from a tractor on his farm. Dkt. No. 26 at 6. Wright was climbing on to the tractor when his left arm began to tingle and go numb, a condition Wright claims has persisted since the trailer collision in 2007. Dkt. No. 24-3 at 17. Wright lost his grip and fell

4

back onto his right leg and then onto his rear-end and back. *Id.* at 16-19. Wright sought treatment from Hoski who determined that Wright had suffered a herniated disc at L5-S1 causally related to his fall from the tractor. Dkt. No. 26-3 at 4-5.

**Treatment.** After Wright's farm accident, he underwent neck surgery. Dkt. No. 24-3 at 21. Wright has not yet had surgery for the herniated disc in his back because Hoski has recommended that Wright should avoid back surgery for as long as possible. *Id.* at 22.

## DISCUSSION

Based on the above factual allegations, Wright asserts a negligence claim against Defendants seeking recovery for the injuries he sustained on both the day of the vehicle accident and the day of his farm accident. Dkt. No. 1-1. Additionally, Wright's wife, Karen Wright, asserts a loss of consortium claim against Defendants due to the injuries Wright sustained. *Id.* Defendants have moved for summary judgment as to Plaintiffs' claims. Dkt. No. 24. They argue that Prieto's actions, in causing a minor trailer collision, did not cause Wright to slip or fall or be injured thereafter. Dkt. No. 24-1 at 1. Alternatively, they argue for partial summary judgment as to Wright's claims for damages that are based on his fall from the tractor in 2008. *Id.* at 1-2. For the reasons set forth below, the court denies Defendants' motion for summary judgment, or, in the alternative, partial summary judgment.

## I.    VEHICLE ACCIDENT

It is undisputed that the proffered evidence suggests Prieto's negligence caused the trailer accident at issue in this case. Defendants argue, however, that as a matter of law their liability ends with the minor damage done to Wright and Burnette's trailer and that it was Wright's own negligence in exiting the truck that caused the injuries he allegedly sustained. Dkt. No. 24-1 at 7-8.

5

The court disagrees.

In a negligence action, a plaintiff must show that (1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty; (3) plaintiff suffered damages or injuries; and (4) defendant's breach was an actual or proximate cause of plaintiff's damages or injuries. *See, e.g.*, *Saab v. South Carolina State Univ.*, 350 S.E.2d 231 (S.C. 2002). In this case, Prieto owed a duty of care to Wright to drive safely and admittedly breached that duty when he collided with Wright's trailer. The issue then becomes whether Prieto's negligence was a proximate cause of Wright's injuries which occurred after the collision and as a result of Wright falling while exiting the truck.

Proximate cause requires proof of causation in fact and legal cause. *Hurd v. Williamsburg Cnty.*, 611 S.E.2d 488, 492 (S.C. 2005). Causation in fact is demonstrated by establishing the plaintiff's injury would not have occurred "but for" defendant's negligence. *Id.* Legal cause is shown by establishing foreseaability, that is that an injury is the natural and probable consequence of a breach of duty. *Id.*

Viewing the facts alleged in the light most favorable to the non-moving party, Wright's contentions and averments create a genuine issue of material fact as to whether Prieto's negligence was a proximate cause of Wright's injuries. Wright argues that his fall occurred immediately following Prieto's collision with his vehicle and arguably would not have occurred but for the collision. Wright heard a sound he believed to be an explosion while fuel was being pumped into his vehicle. Under these circumstances, it was foreseeable that when Prieto hit the vehicle, he could have created an emergency situation and passengers inside the truck would rush to exit, sustaining

6

injuries in their haste.[4]  *See Matthews v. Porter*, 124 S.E.2d 321 (S.C. 1962) (holding that automobile accident was proximate cause of person being hit at accident scene by another automobile because foreseeable that people would stop and get out of cars and other motorists would hit them at the scene).

Defendants argue that the only reasonable inference to be drawn from the evidence is that Wright's own negligence in exiting the truck exceeded any negligence of Prieto. Dkt. No. 24-1 at 8. However, Plaintiffs correctly argue that South Carolina has adopted a system of comparative negligence where a plaintiff in a negligence action may recover damages if his negligence is not greater than that of the defendant. *See Nelson v. Concrete Supply Co.*, 399 S.E.2d 783 (S.C. 1991). In this case, where the evidence proffered shows that Prieto's negligence as well as Wright's negligence could be proximate causes of Wright's injuries, the appropriation of fault is a question of fact for a jury to decide.

Defendants have failed to show a lack of genuine dispute of material fact as to their potential liability for the injuries Wright suffered after the trailer collision February 4, 2007. Therefore, the court denies their motion for summary judgment as to Wright's injuries sustained on that date.

## II.     FARM ACCIDENT

Defendants make no independent argument for summary judgment as to Wright's second injury, and only argue that "if [Wright] cannot recover for any injury sustained at the truck stop, then

---

[4] Defendants argue that the court should adopt the reasoning of the Arkansas Supreme Court in *Crager v. Jones* which held defendant's actions were not a proximate cause of driver's injuries from slipping and falling on the sidewalk after leaving the automobile accident scene even though defendant was liable for the automobile accident. 660 S.W.2d 168 (Ark. 1983). The court finds that the *Crager* case is easily distinguished from this matter because in *Crager* the slip and fall happened after the driver had left the scene of the accident and long after the emergency situation created by the accident had subsided. *Id.*

certainly his claims for injuries at his farm are not actionable." Dkt. No. 24-1 at 8. While Wright's claims for damages for his second injury could be barred due to a break in causation, the court need not reach this issue because Defendants failed to present an argument that even if they are liable for Wright's first injury, they would not be liable for his second injury.

The court, therefore, denies Defendants' motion for partial summary judgment as to Plaintiffs' claims for damages based on the fall from his farm tractor in 2008.

## III.  LOSS OF CONSORTIUM

Defendants' sole argument for summary judgment on Karen Wright's loss of consortium claim is predicated on the court granting their motion for summary judgment as to Wright's claim. Dkt. No. 24-1 at 8-9 (arguing that loss of consortium cannot arise if no tort is committed against the impaired spouse). Because the court denies Defendants' motion as to Wright's claim, it also denies summary judgment as to Karen Wright's loss of consortium claim.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is denied. This matter will, therefore, proceed to mediation and trial pursuant to the schedule set forth in the second consent amended scheduling order (Dkt. No. 20).

**IT IS SO ORDERED.**

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 5, 2011